**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

Jose Martin Hernandez,                               Case No.: 25-cv-01614

                       *Plaintff*,        **ANSWER WITH**
                                                                                        **AFFIRMATIVE DEFENSES**

               *-against-*

113 Bistro Corp., Ammar Algaradi, Ali Noman Ali-
Ahmed, and Omar Ali-Ahmed,

                                   *Defendants*.

-------------------------------------------------------------------X

        Defendants 113 Bistro Corp., Ammar Algaradi, Ali Noman Ali-Ahmed, and Omar Ali-Ahmed (collectively, the "Defendants"), by and through their undersigned attorneys, Levin-Epstein & Associates, P.C., as and for their answer and affirmative defenses to the Complaint, filed on March 24, 2025 (the "Complaint") of Plaintiff Jose Martin Hernandez (the "Plaintiff"), hereby admit, deny and allege as follows:

## NATURE OF THE ACTION

        1.     The allegations contained in paragraph "1" of the Complaint set forth legal conclusions for which no response is required.

## PARTIES, JURISDICTION AND VENUE

        2.     Defendants lack sufficient information with respect to the allegations contained in paragraph "2" of the Complaint.

        3.     The allegations contained in paragraph "3" of the Complaint set forth legal conclusions for which no response is required.

        4.     The allegations contained in paragraph "4" of the Complaint set forth legal conclusions for which no response is required.

5. The allegations contained in paragraph "5" of the Complaint set forth legal conclusions for which no response is required.

6. The allegations contained in paragraph "6" of the Complaint set forth legal conclusions for which no response is required.

7. The allegations contained in paragraph "7" of the Complaint set forth legal conclusions for which no response is required.

8. The allegations contained in paragraph "8" of the Complaint set forth legal conclusions for which no response is required.

9. The allegations contained in paragraph "9" of the Complaint set forth legal conclusions for which no response is required.

10. The allegations contained in paragraph "10" of the Complaint set forth legal conclusions for which no response is required.

11. The allegations contained in paragraph "11" of the Complaint set forth legal conclusions for which no response is required.

12. The allegations contained in paragraph "12" of the Complaint set forth legal conclusions for which no response is required.

## JURY DEMAND

13. The allegations contained in paragraph "13" of the Complaint set forth legal conclusions for which no response is required.

## FACTUAL BACKGROUND

14. The allegations contained in paragraph "14" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "14" of the Complaint.

15. The allegations contained in paragraph "15" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "15" of the Complaint.

16. The allegations contained in paragraph "16" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "16" of the Complaint.

17. The allegations contained in paragraph "17" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "17" of the Complaint.

18. Defendants deny the allegations contained in paragraph "18" of the Complaint.

19. Defendants deny the allegations contained in paragraph "19" of the Complaint.

20. Defendants deny the allegations contained in paragraph "20" of the Complaint.

21. Defendants deny the allegations contained in paragraph "21" of the Complaint.

22. Defendants deny the allegations contained in paragraph "22" of the Complaint.

23. Defendants deny the allegations contained in paragraph "23" of the Complaint.

***Defendants' Failure to Provide Wage Notices and Wage Statements***

24. Defendants deny the allegations contained in paragraph "24" of the Complaint.

25. Defendants deny the allegations contained in paragraph "25" of the Complaint.

26. Defendants deny the allegations contained in paragraph "26" of the Complaint.

27. Defendants deny the allegations contained in paragraph "27" of the Complaint.

28. Defendants deny the allegations contained in paragraph "28" of the Complaint.

29. Defendants deny the allegations contained in paragraph "29" of the Complaint.

*Defendants' Failure to Pay Proper Wages was Willful*

30. Defendants deny the allegations contained in paragraph "30" of the Complaint.

31. Defendants deny the allegations contained in paragraph "31" of the Complaint.

32. Defendants deny the allegations contained in paragraph "32" of the Complaint.

33. Defendants deny the allegations contained in paragraph "33" of the Complaint.

34. Defendants deny the allegations contained in paragraph "34" of the Complaint.

*Facts Relating to the Defendants as Joint Employers*

35. Defendants deny the allegations contained in paragraph "35" of the Complaint.

36. Defendants deny the allegations contained in paragraph "36" of the Complaint.

37. Defendants deny the allegations contained in paragraph "37" of the Complaint.

38. Defendants deny the allegations contained in paragraph "38" of the Complaint.

39. Defendants deny the allegations contained in paragraph "39" of the Complaint.

40. Defendants deny the allegations contained in paragraph "40" of the Complaint.

41. Defendants deny the allegations contained in paragraph "41" of the Complaint.

42. Defendants deny the allegations contained in paragraph "42" of the Complaint.

43. Defendants deny the allegations contained in paragraph "43" of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Unpaid Wages and Overtime Under the FLSA)**
*Against all Defendants*

44. No response is required to the statement set forth in paragraph "44" of the Complaint.

45. The allegations contained in paragraph "45" of the Complaint set forth legal conclusions for which no response is required.

46. The allegations contained in paragraph "46" of the Complaint set forth legal conclusions for which no response is required.

47. The allegations contained in paragraph "47" of the Complaint set forth legal conclusions for which no response is required.

48. The allegations contained in paragraph "48" of the Complaint set forth legal conclusions for which no response is required.

49. The allegations contained in paragraph "49" of the Complaint set forth legal conclusions for which no response is required.

## SECOND CLAIM FOR RELIEF
### (Unpaid Wages and Overtime Under New York Labor Law)
*Against all Defendants*

50. No response is required to the statement set forth in paragraph "50" of the Complaint.

51. The allegations contained in paragraph "51" of the Complaint set forth legal conclusions for which no response is required.

52. The allegations contained in paragraph "52" of the Complaint set forth legal conclusions for which no response is required.

53. The allegations contained in paragraph "53" of the Complaint set forth legal conclusions for which no response is required.

54. The allegations contained in paragraph "54" of the Complaint set forth legal conclusions for which no response is required.

## THIRD CLAIM FOR RELIEF
### (Wage Notice Violation Under New York Labor Law)
*Against all Defendants*

55. No response is required to the statement set forth in paragraph "55" of the Complaint.

56. The allegations contained in paragraph "56" of the Complaint set forth legal conclusions for which no response is required.

57. The allegations contained in paragraph "57" of the Complaint set forth legal conclusions for which no response is required.

58. The allegations contained in paragraph "58" of the Complaint set forth legal conclusions for which no response is required.

### FOURTH CLAIM FOR RELIEF
### (Wage Statement Violation Under New York Labor Law)
### *Against all Defendants*

59. No response is required to the statement set forth in paragraph "59" of the Complaint.

60. The allegations contained in paragraph "60" of the Complaint set forth legal conclusions for which no response is required.

61. The allegations contained in paragraph "61" of the Complaint set forth legal conclusions for which no response is required.

62. The allegations contained in paragraph "62" of the Complaint set forth legal conclusions for which no response is required.

### PRAYER FOR RELIEF

63. Defendants deny that Plaintiff is entitled to any relief sought in the "WHEREFORE" clause.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

64. Plaintiff fails to state a claim, in whole or in part, upon which relief may be granted, either on their own behalf or on behalf of those persons who he purports to represent, or to whom they purportedly are similarly situated.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

65. Assuming arguendo, Defendants violated any provision of the FLSA and/or New York Labor Law, such violation was not pursuant to a uniform policy or plan.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

66. To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and any limitations period established by New York state law, such claims of Plaintiff are barred. This affirmative defense also may apply to the claims of some or all of the class of allegedly similarly situated persons, as alleged in the Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

67. Defendants did not engage in willful or unlawful conduct.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

68. As to any liquidated damage or other claim of the Plaintiff, Defendants assert they acted in subjective good faith and had objectively reasonable grounds for the belief that the Defendants' policies and employee payments or omissions, including but not limited to the payment of wages complied with the law and were not a violation of the Fair Labor Standards Act.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

69. Defendants are relieved of any liability for Plaintiff's wage claim to the extent that the claims are premised upon traveling to and from the actual place of performance, activities which are preliminary and/or post-liminary to the alleged principal activity of employment because such activities were not compensable by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. 254.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

70. Plaintiff's claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA or NYLL, including but not limited to those provide for in 29 U.S.C. 207, 213 and its state law equivalents.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

71. This action cannot be certified and supplemental or other jurisdiction should not be exercised over Plaintiff's New York Labor Law claims.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

72. Plaintiff is an exempt professional employee under 29 U.S.C. § 213(a)(1).

### DEFENDANTS' GENERAL DEFENSES

### FIRST GENERAL DEFENSE

73. Plaintiff was paid in accordance with all applicable law.

### RESERVATION OF RIGHTS

74. Defendants reserve the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiff's claims.

### RESERVATION OF RIGHTS

75. Defendants reserve the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiff's claims.

76. Defendants reserve the right to assert claims against Plaintiff arising out of Plaintiff's acts of theft.

**WHEREFORE**, Defendants demand judgment in their favor:

(a) denying Plaintiff is entitled to the relief for which he prays on behalf of himself or any other individual or to any other relief.

(b) dismissing the Complaint against Defendants on the merits with prejudice and in its entirety;

(c) awarding Defendants their costs and disbursement, including reasonable attorneys' fees incurred in the action; and

(d) granting Defendants such other and further relief as the Court may deem just and proper.

Dated: July 24, 2025
       New York, New York

                                        LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                        By:    /s/Jason Mizrahi
                                               Jason Mizrahi, Esq.
                                               420 Lexington Avenue, Suite 2458
                                               New York, NY 10170
                                               Tel. No.: (212) 792-0048
                                               Email: jason@levinepstein.com
                                               *Attorneys for Defendants*